# No. 2026-1346

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

ELIZABETH OYER,
*Petitioner*,

v.

MERIT SYSTEMS PROTECTION BOARD,
*Respondent*,

On Petition for Review
MSPB Docket No. DC-0752-25-2372-I-1

## RESPONSE TO ORDER OF FEBRUARY 20, 2026

Joshua M. Salzman
Webb Lyons
Elena Goldstein
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
jsalzman@democracyforward.org

*Counsel for Petitioner*

## RESPONSE TO SHOW CAUSE ORDER

Petitioner Elizabeth Oyer respectfully submits the following response to this Court's show cause order of February 20, 2026 (Dkt. 9), which directed the parties to "to address this court's jurisdiction, including whether this matter should be dismissed as premature." *Id.* at 2. As explained further below and in Ms. Oyer's pending motion under Federal Rule of Appellate Procedure 18 for a stay pending review (Dkt. 10), this Court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(a). Accordingly, this case should not be dismissed as premature.

1. Ms. Oyer's pending Rule 18 motion, which was filed shortly after the show cause order was issued, discusses this Court's jurisdiction at length. *See* Dkt. 10 at 21-26. We do not wish to burden the Court with duplicative briefing. There is, however, ambiguity as to whether the Court considers the Rule 18 motion to have discharged Ms. Oyer's obligation under the show cause order. *Cf.* Dkt. 14 (order authorizing the Board to file a joint response to the show-cause order and the Rule 18 motion).

2. For the avoidance of doubt, Ms. Oyer wishes to inform the Court that her complete response to the show cause order is contained in her Rule 18 motion, which we ask the Court to incorporate by reference. As explained in greater detail there, Ms. Oyer has properly sought review of a final order of the Board. The challenged ruling was issued in the form of an "Initial Decision" that, pursuant to Board regulations, ripened into a reviewable final decision. *See* 5 C.F.R. § 1201.113; Dkt. 10 at 22-24. The finality of that decision is underscored by the fact that it constituted the final resolution of MSPB Docket No. DC-0752-25-2372-I-1, and the challenged order itself is adversely and irreversibly affecting Ms. Oyer's rights.

3. This Court has never issued a precedential opinion suggesting that dismissals without prejudice are categorically non-final and unreviewable. Such a rule would be particularly inappropriate in a case like this one, where such a rule would raise grave constitutional concerns. *See* Dkt. 10 at 25-26.

4. To the extent that this Court has continuing doubts about its jurisdiction, we respectfully ask that the Court not dismiss this appeal

as premature without first hearing oral argument, which may be of assistance to this Court.

    5. We respectfully ask that the Court grant the Rule 18 motion, lift the stay, and direct the parties to proceed with merits briefing.

Dated: Mar. 16, 2026                                Respectfully submitted,

                                                 */s/ Joshua M. Salzman*

                                                 Joshua M. Salzman
                                                 Webb Lyons
                                                 Elena Goldstein
                                                 Democracy Forward Foundation
                                                 P.O. Box 34553
                                                 Washington, D.C. 20043
                                                 (202) 448-9090
                                                 jsalzman@democracyforward.org

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, undersigned counsel certifies:

1. The sole party in this case represented by undersigned counsel is Elizabeth Oyer.

2. There is no other real party in interest.

3. There is no applicable parent corporation.

4. In addition to Democracy Forward Foundation, Ms. Oyer was represented before the MSPB by James Eisenmann and Alex Dornacker of the Alden Law Group.

5. There is no related case within the meaning of Federal Circuit Rule 47.5.

6. No disclosure under Federal Rule of Appellate Procedure 26.1(b) or (c) is applicable.

/s/ *Joshua M. Salzman*
JOSHUA M. SALZMAN