NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELIZABETH OYER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD**
*Respondent*

---

2026-1346

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-25-2372-I-1.

---

## ON MOTION

---

Before LOURIE, CHEN, and STARK, *Circuit Judges.*

PER CURIAM.

## O R D E R

Elizabeth Oyer appealed her removal from federal service to the Merit Systems Protection Board. The administrative judge dismissed without prejudice subject to automatic reinstatement to allow for the expected resolution of two appeals pending before the full Board on related

issues.[1]  Ms. Oyer then petitioned this court.  In response to this court's show cause order, Ms. Oyer urges the court to exercise jurisdiction and grant relief under Federal Rule of Appellate Procedure 18.  The Board opposes that motion and urges dismissal because the appeal is premature.

This court's jurisdiction with respect to appeals from the Board is limited to "an appeal from a final order or final decision of the . . . Board."  28 U.S.C. § 1295(a)(9).  "[A]n order is final only when it ends the litigation on the merits[.]"  *Weed v. Social Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) (cleaned up); *cf. PGS Geophysical AS v. Iancu*, 891 F.3d 1354, 1361 (Fed. Cir. 2018).  The order dismissing Ms. Oyer's appeal subject to automatic refiling did not resolve the merits of the appeal.  Rather, it "effectively stay[ed the] proceedings," *In re Jadhav*, 795 F. App'x 846, 848 (Fed. Cir. 2020), which "is not ordinarily a final decision," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10, n.11 (1983), and was obviously not one here.[2]  Even were we to construe this as a petition for a writ of mandamus under 28 U.S.C. § 1651, we cannot say that the stay is "so extensive that it is 'immoderate or indefinite'" or otherwise a clear abuse of discretion.  *Groves v. McDonough*, 34 F.4th 1074, 1080 (Fed. Cir. 2022) (cleaned up); *see Jadhav*, 795 F. App'x at 848.

Accordingly,

---

[1]    The Board has now issued its decision.

[2]    Ms. Oyer points to boilerplate language in the administrative judge's decision regarding finality, but "[t]he Board's characterization of its order does not . . . govern our jurisdiction under our jurisdictional statutes," *Morrison v. Dep't of the Navy*, 876 F.3d 1106, 1110 n.2 (Fed. Cir. 2017).

OYER v. MSPB                                                    3

 

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  All pending motions are denied.

(3)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

<u>April 21, 2026</u>
Date